IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

JACKSON DIVISION

| | |
|---|---|
| MARSHA L. CALHOUN | PLAINTIFF |
| VS. | CIVIL ACTION NO. 3:12 cv715TSL-MTP |
| HINDS COUNTY DEPARTMENT OF HUMAN SERVICES | DEFENDANT |
| MICHAEL W. MILLER | DEFENDANT |
| JOHN DOES 1-10 | DEFENDANT |

## COMPLAINT

## JURY TRIAL DEMANDED

COMES NOW Plaintiff, Marsha L. Calhoun, and brings this action against Defendants: the Hinds County Department of Human Services; Michael W. Miller, in his individual and official capacity; and those other unknown managers at the Hinds County Department of Human Services. Plaintiff is seeking compensatory damages, punitive damages, costs, and attorney fees. As more specifically set forth below, Plaintiff has been subjected to unlawful sexual harassment, sex discrimination, a sexually hostile environment in the workplace, and retaliation. The actions of the Defendant described herein constitute violations of Title VII of the Civil Rights Act of 1964, the Fourteenth Amendment and other provisions of the United States Constitution, 42 U.S.C. Section 1983.

## THE PARTIES

1. Plaintiff Marsha L. Calhoun is an adult female resident citizen of Hinds County, Mississippi who resides at 238 Shiloh Drive, Jackson, MS 39212.

2. The Defendant, Hinds County Department of Human Services, is a state agency and may be served with process through its County Director, Michael W. Miller, at 4777 Medgar Evers Boulevard, Jackson, MS 39213.

3. The Defendant, Michael W. Miller, the Director of the Hinds County Department of Human Services, is an individual who may be served at 4777 Medgar Evers Boulevard, Jackson, MS 39213.

4. John Does 1-10 are individuals who are liable to the Plaintiff and whose exact identity is not known at this time. Plaintiff will timely supplement the names of these parties upon discovery of the same.

## JURISDICTION

5. This action arises under Title VII, 42 U.S.C. Section 2000e, *et seq.*, the United States Constitution, and 42 U.S.C. Section 1983.

6. This Court has federal question jurisdiction and venue is proper to 42 U.S.C. Section 2000e-5(f)(3). A true and correct copy of Plaintiff's EEOC Charge of Discrimination is attached hereto as Exhibit "A", and a true and correct of the EEOC's Dismissal and Notice of Rights is attached hereto as Exhibit "B".

## STATEMENT OF FACTS

7. Plaintiff began employment with the Defendant Hinds County Department of Human Services on October 19, 2009.

8. Plaintiff was employed with the Hinds County Department of Human Services until terminated on March 24, 2011.

9. During Plaintiff's tenure with the Hinds County Department of Human Services, she experienced, observed, and heard sexually harassing remarks and actions by Michael W. Miller who created a hostile and offensive work environment. Subject witnessed Michael W. Miller forcibly grab and forcibly kiss a co-worker, Marlita Pollard, in the file room. Approximately three months after Plaintiff was hired, she was called into the office of Michael W. Miller. Michael W. Miller stated Plaintiff had the nicest set of breasts he had ever seen. A few days later, Michael W. Miller ordered Plaintiff into an office in the back of the building. Michael W. Miller closed the door and locked the Plaintiff inside the office against her will. Michael W. Miller backed the Plaintiff against the wall and forcibly kissed Plaintiff. Michael W. Miller then requested sexual favors to include intercourse and oral sex in his office. When Plaintiff resisted these unwanted advances, Michael W. Miller stated, "Don't make me fire you" and then allowed Plaintiff to leave the office. Plaintiff, desperate for a job and training, did not immediately report Michael W. Miller because of his threats. Approximately one and a half months later, Michael W. Miller again ordered Plaintiff into his office. When Plaintiff sat down in the office, Michael W. Miller walked over, leaned down and placed both his hands on Plaintiff's thighs and then tried to kiss and fondle Plaintiff. Plaintiff resisted, pushed Michael W. Miller off of her, and left the office. On another occasion in September 2010 immediately following Plaintiff's completion of clerical training, Michael W. Miller again ordered Plaintiff to his office. Michael W. Miller again attempted to forcibly kiss Plaintiff. When Plaintiff refused his advances, Michael W. Miller again threatened Plaintiff with her job.

10. Plaintiff observed and experienced unfair employment practices to include denial of promotions and other adverse employment decisions. Though Plaintiff's clerical training was completed, Plaintiff was never allowed promotion from a limited employee status to a

contract employee status. After reporting sexual harassment by Michael W. Miller on three occasions to "Program Integrity" of the Hinds County Department of Human Services, Plaintiff was still denied this promotion. After reporting Michael W. Miller for unwanted sexual advances, Plaintiff was accused of fraud by Michael W. Miller. This accusation by Michael W. Miller was subsequent to Plaintiff's supervisors approving that same work product. After Plaintiff reported Michael W. Miller for unwanted sexual advances, Michael W. Miller filed criminal charges against Plaintiff for this alleged fraudulent work, and terminated her employment. Plaintiff suffered irreparable damages from this adverse employment decision.

11. Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) in October, 2011 but received no response for help or relief. On July 19, 2012, Plaintiff inquired of the status of her complaint and was advised to re-file her complaint. On 7/20/2012, the EEOC again denied any relief to Plaintiff.

12. After witnessing and providing statements regarding the sexual harassment of Michael W. Miller towards a co-worker, Marlita Pollard, Plaintiff was retaliated against and terminate her employment.

13. Plaintiff subsequently observed all witnesses to this sexual harassment investigation for co-worker, Marlita Pollard, be terminated.

14. Defendants retaliated against Plaintiff immediately following the sexual harassment investigation causing mental anguish and financial damage to Plaintiff.

15. Defendants retaliated against Plaintiff by ignoring Plaintiff's requests for help, denying promotions, and wrongfully terminating the Plaintiff.

16. Defendants' actions were willful, intentional, and in complete disregard for her rights protected by federal law.

## CAUSES OF ACTION

### I. COUNT ONE – VIOLATIONS OF TITLE VII and 42 U.S.C. SECTION 1983: SEXUAL HARASSMENT/SEXUALLY HOSTILE WORK ENVIRONMENT

17. Plaintiff incorporates paragraphs 1-16 above as though specifically set forth herein.

18. After repeated and continuous attempts by Plaintiff to stop unwelcomed sexual advances and other verbal and physical harassment of a sexual nature, Michael W. Miller, acting in his individual and official capacity, continued his offensive behavior. After repeated complaints by Plaintiff of this sexual harassment by Michael W. Miller, the Hinds County Department of Human Services, by its inaction, allowed this sexual harassment and created a sexually hostile work environment.

19. These actions of Michael W. Miller, acting in his official and individual capacity, and the Hinds County Department of Human Services constitute sexual harassment and created a sexually hostile work environment for the Plaintiff.

20. The acts of the Defendants constitute a willful and intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e) *et seq.*, the Fourteenth Amendment of the United States Constitution through 42 U.S.C. Section 1983, and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

### II. COUNT TWO: VIOLATIONS OF TITLEL VII and 42 U.S.C. SECTION 1983 – SEX DISCRIMINATION

21. Plaintiff incorporates paragraphs 1-20 above as though fully incorporated herein.

22. Plaintiff has been discriminated against in the terms and conditions of her employment on the basis of gender.

23. Plaintiff has suffered adverse employment action as a result of Defendants' discriminatory treatment and sexual harassment of Plaintiff.

24. Plaintiff has been harmed as a result of this discrimination and sexual harassment, and the Defendants are liable to Plaintiff for the same.

25. The acts of the Defendants constitute a willful and intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 1983, and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

### III. COUNT THREE: VIOLATIONS OF TITLE VII and 42 U.S.C. SECTION 1983 – RETALIATION

26. Plaintiff re-alleges and incorporates all averments set forth in Paragraphs 1-25 above as though specifically set forth herein.

27. Defendants have violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e) *et seq.*, by retaliating against the Plaintiff. This retaliation resulted following the refusal of Plaintiff to comply with the sexual advances of Michael W. Miller. Plaintiff's retaliation was the denial of promotions, false charges of fraud, false criminal charges, and discharge of employment. Plaintiff is entitled to protection from sexual harassment, for making complaints of such, and testifying regarding misconduct in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e) *et seq.*

35. The acts of the Defendants constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e) *et seq.*, the Fourteenth Amendment of the United States Constitution through 42 U.S.C. Section 1983, and other federal laws, and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS** that the Court cause service to issue in this cause upon the Defendants and

that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Future wages commensurate with promotions;
2. Back pay;
3. Compensatory damages;
4. Punitive damages;
5. Attorneys' fees;
6. Costs and expenses; and,
7. Such further relief as is deemed just and proper.

THIS the 19th day of October, 2012.

Respectfully submitted,

Marsha L. Calhoun, PLAINTIFF

By: _____

Bonnie Bridgers Smith (MB# 9943)
I-55 North, STE 253
Jackson, MS 39211-5966

For:

Philip H. Neilson (MB# 3798)
Attorney at Law
P.O. Box 1860
Oxford, MS 38655
(662) 832-8070

OF COUNSEL:

Christi McCoy
1739 University Ave PBM 252
Oxford, MS 38655