UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MARSHA L. CALHOUN                                          PLAINTIFF

VS.                                      CIVIL ACTION NO. 3:12CV715TSL-MTP

HINDS COUNTY DEPARTMENT OF                                DEFENDANTS
HUMAN SERVICES AND MICHAEL
MILLER

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Mississippi Department of Human Services (MDHS), erroneously designated "Hinds County Department of Human Services", to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Marsha L. Calhoun opposes the motion, and the court, having considered the parties' memoranda, concludes that the motion should be granted.

Plaintiff filed suit against defendants on October 19, 2012, contending that while she was employed by MDHS, she was subject to sexual harassment, sex discrimination, a hostile work environment and retaliation, all caused by her immediate supervisor, defendant Michael Miller. According to the complaint, within three months of the commencement of her employment with MDHS in October 2009, Miller began making unwelcome verbal and physical sexual advances toward her. Despite her reporting Miller's offensive conduct to Program Integrity, the harassment did not abate. Further, in retaliation for refusing his sexual advances, Miller denied

Calhoun a promotion and accused her of fraud, which ultimately resulted in her termination on March 24, 2011. On this factual basis, the complaint purports to state claims against defendants under both Title VII and 28 U.S.C. § 1983 and seeks compensatory as well as punitive damages.

By its motion, MDHS urges that dismissal of the Title VII claims is required inasmuch as Calhoun failed to file a timely charge of discrimination with the EEOC. See 42 U.S.C. § 2000e-5(e)(1) (Title VII claimant must file charge of discrimination within 180 days after "alleged unlawful employment practice occurred" or that time frame serves as statute of limitations for such claims).[1] Specifically, MDHS points out that the Charge of

---

[1] In its motion, MDHS made two additional, and plainly meritorious arguments, which were unaddressed and apparently conceded by plaintiff. First, it points out that as it is a state agency, the Eleventh Amendment bars any putative claims under 42 U.S.C. § 1983 claims. See Edelman v. Jordan, 415 U.S. 651, 662–663, 94 S. Ct. 1347, 1355, 39 L. Ed. 2d 662 (1974) (holding that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State"); see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 113 S. Ct. 684, 687, 121 L. Ed. 2d 605 (1993) (recognizing that Eleventh Amendment bar extends to State and agencies acting under its control, "arms of the state"); Carter v. Mississippi Dept. of Human Servs., Civil Action No. 3:05-CV-190 HTW-JCS, at *2 (S.D. Miss. September 29, 2006) (finding that MDHS was a state agency entitled to Eleventh Amendment immunity). Secondly, the State is not subject to punitive damages under either Title VII or § 1983. See Oden v. Oktibbeha County, Miss., 246 F.3d 458, 466 (5th Cir. 2001) (stating that Title VII precludes award of punitive damages against governmental entity); City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981) (concluding that punitive damages are unavailable for § 1983 claims against

2

Discrimination which plaintiff has appended to the complaint was not filed until July 19, 2012, more than 484 days after her March 2011 termination and thus, is untimely.

For her part, plaintiff maintains that she did file a timely EEOC charge in October 2011; she contends that she later re-filed the charge in July 2012 only because the EEOC failed to rule on her original charge. Alternatively, she contends that because she has been diligent in pursuing her rights, exceptional circumstances warrant equitable tolling of the administrative limitations period for her claims. See Granger v. Aaron's Inc., 636 F.3d 708, 711 (5th Cir. 2011) (stating "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement, that like a statute of limitations, is subject to . . . equitable tolling," and concluding that equitable tolling may be available where plaintiff has exercised due diligence in actively pursuing judicial remedies, a relevant consideration of which is whether plaintiff took steps which are recognized as important by statute before the end of the limitations period) (internal citations omitted). Plaintiff offers the following in support of equitable tolling:

> She followed internal procedures regarding filing complaints with Program Integrity, and then filed a

governmental entities).

Charge with the EEOC within the 180 days allowed after she was wrongfully terminated. After several months passed without response from the EEOC, Calhoun followed up and was told that the Charge would have to be re-filed. Calhoun immediately re-filed the Charge and hired counsel. In light of these actions on the part of Calhoun, obvious error or neglect on the part of the EEOC in handling the Charge which was filed in October 2011, and the lack of demonstrated prejudice to MDHS, this case presents sufficient circumstances to support the application of equitable tolling.

Accepting as true plaintiff's allegation that she filed her initial EEOC charge in October 2011, the charge was nonetheless untimely. As MDHS points out, it discharged plaintiff on March 24, 2012; 180 days from that date was September 20, 2011 and thus, a charge filed in October 2011 would be untimely. Further, the court is not persuaded that the facts set out in the complaint support a finding of equitable tolling. Plaintiff's equitable tolling argument addresses only why the circumstances following the filing of her alleged October 2011 charge support a finding by the court on equitable grounds that her July 2012 charge is timely; but she has offered no explanation as to why her alleged October 2011 charge was not timely filed. Contrary to plaintiff's assertion otherwise, there is no basis for a conclusion that she took steps recognized as important by the statute within the limitations period so as to warrant equitable tolling. Accordingly, MDHS's motion to dismiss will be granted.

Based on the foregoing, it is ordered that MDHS's motion to dismiss is granted.

SO ORDERED this 6th day of December, 2012.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE